# GRIFFIN *v.* UNITED STATES EX REL. LE CUYER.

---

OFFICERS; STATUTES; INTOXICATING LIQUORS.

1. While the exercise of discretion by executive officers acting within the scope of their authority will not be questioned by mandamus, when such officers exceed their authority and act without warrant of law, mandamus will lie. (Following *United States ex rel. Daly* v. *Macfarland,* 28 App. D. C. 569; *Garfield* v. *United States ex rel. Frost, ante,* p. 165.)

2. The practice of Congress to amend bills by simply preceding the amendment with the word "provided," and to engraft independent legislation on bills by resorting to this expedient,—noticed by the Court.

3. The excise board of this District has no authority, under the act of Congress of March 3, 1893 (27 Stat. at L. 563, chap. 204), as amended by the act of May 11, 1894 (28 Stat. at L. 75, chap. 73), establishing the board, to refuse an application for the renewal of a barroom license for a hotel containing twenty-five chambers for lodging guests, because of the reputation of the premises or of the applicant as determined by the board; and mandamus will lie to compel the board to issue a license when the application therefor has been denied upon such ground, if all of the requirements of the statute have been complied with by the applicant.

No. 1840.   Submitted January 10, 1908.   Decided February 4, 1908.

HEARING on an appeal from an order of the Supreme Court of the District of Columbia granting a writ of mandamus to the excise board of the District of Columbia directing the issuance of a hotel barroom license. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from an order of the supreme court of the District of Columbia granting a writ of mandamus to the excise board of the District requiring the issuance of a hotel barroom license.

The relator, Thomas B. Le Cuyer, in his petition sets forth that since March, 1903, he has continuously been the lessee of premises No. 1413 Pennsylvania avenue, N. W., in this city, known as the Columbia Hotel, "which hotel, during all the time aforesaid, and from a time long prior thereto, to wit, for forty years continuously last past, has been and now is an established hotel or tavern having more than twenty-five chambers or rooms, to wit, forty-two chambers or rooms for the lodging of guests;" that a license was regularly issued to the relator for the year 1903, and regularly renewed for each license year down to and including the license year terminating on the 31st of October, 1906; that the relator then made application, in conformity with law and the rules and regulations of the Excise Board, for a renewal of his license, which application was subsequently denied. The petition closes with an appropriate prayer for relief.

The board in its answer admits all the material allegations of the petition, and avers that, upon receipt of relator's application for a renewal of his license, "the same was duly referred to the major and superintendent of police for the District of Columbia for report as to whether that officer was aware of any reason why the license should not be renewed." The report of that officer is attached to and made a part of the answer. The answer further avers that the board granted a public hearing "to the parties interested in the renewal of said license on the 7th day of September, 1907, at which hearing the said relator was pres-

ent with counsel. That at said hearing these respondents determined as matter of fact his barroom had been open on Sunday; that liquor had been sold on Sunday; that liquor had been sold after hours; that lewd characters were permitted on the place, and that the reputation of the place was bad, and that the relator had been prosecuted in police court, as appears from Exhibit "C," hereto annexed and prayed to be read as a part of this answer; "that the relator himself tacitly admitted that lewd women were admitted to the house, but stated that he required good behavior of them while on the premises;" and that upon the conclusion of said hearing the board unanimously decided to reject said application. The report of the superintendent of police, referred to above and made a part of the answer, does not show that any arrests were made on or about the premises during the preceding license year, but it does show that the premises were used as a hotel during that year. A reference to Exhibit "C," referred to in the answer, discloses that relator was not convicted of keeping a Sunday bar, but was permitted to forfeit the security he had deposited for his appearance in the police court.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. Henry P. Blair,* Assistant, for the appellant.

*Mr. Henry E. Davis* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The question for consideration is whether the board has authority under the statute to refuse an application for the renewal of a barroom license for a hotel containing twenty-five chambers for lodging guests, because of the reputation of the premises or applicant as determined by the board. The act of Congress of March 3, 1893 (27 Stat. at L. 563, chap. 204), as amended by the act of May 11, 1894 (28 Stat. at L. 75, chap. 73), establishes an excise board for the District.

Sec. 2 of the act provides that it shall be the duty of the

board "to take up and consider all applications for license to sell intoxicating liquors, and to take action on such applications; and the action of said board shall be final and conclusive."

Sec. 4 provides that every applicant for license shall file a petition, and prescribes what said petition must contain.

The first part of sec. 5 requires every applicant to file with his petition the consent of a majority of the real-estate owners and housekeepers on the side of the square where the proposed barroom is to be located, and defines a barroom. Then follows the proviso under consideration, which reads: *"Provided,* That any established hotel or tavern having twenty [now twenty-five] chambers for lodging guests shall always have the right to obtain for itself a license for a barroom on complying with the provisions of this act, and the petition in such case must be made by the owner or lessee of such hotel or tavern."

The section next provides that after such applicant shall have obtained the consent aforesaid, and obtained a license, it shall not again be necessary for him to obtain such consent for a renewal of his license, unless the majority of real-estate owners and resident housekeepers aforesaid petition the board that "said barroom is not necessary and is objectionable." The next and last proviso in the section reads as follows: *"Provided, further,* That upon a conviction of such licensee of keeping a disorderly or disreputable place it shall be the duty of said excise board to revoke such licensee's license; but until such conviction such licensee's license shall not be revoked or taken away from him."

Sec. 13 provides "that any person having obtained a license under this act, who shall violate any of its provisions, shall upon conviction of such violation be fined not less than fifty dollars nor more than two hundred dollars, and upon every subsequent conviction of such violation during the year for which such license is issued shall be fined a like amount, and in addition to such fine shall pay a sum equal to twenty-five per cent of the amount of the fine imposed for the offense immediately preceding, and have his license revoked; and in case of non-

payment of the fines and penalties above named shall be imprisoned in the jail of the District or workhouse for a period of time not exceeding six months, or till the same are paid. That after second conviction no license shall thereafter be granted to said party: *Provided,* That no minor under sixteen years of age shall be allowed to enter any place where liquors are sold other than a hotel, without the consent of the parent or guardian of such minor."

It is true, as contended by counsel for appellants, that the exercise of discretion by executive officers acting within the scope of their authority will not be questioned by mandamus, but it is equally true that when such officers exceed their authority, and act without warrant of law, mandamus will lie. *United States ex rel. Daly* v. *Macfarland,* 28 App. D. C. 569; *Garfield* v. *United States ex rel. Frost,* present Term [ante, p. 165].

It has become a common practice for Congress to amend bills by simply preceding the amendment with "Provided." In fact, frequently independent legislation is engrafted on some bill by a resort to this expedient. *Georgia R. & Bkg. Co.* v. *Smith,* 128, U. S. 174, 32 L. ed. 377, 9 Sup. Ct. Rep. 47.

The language employed in the proviso, that every established hotel of twenty-five chambers shall *always* be entitled to a license, is devoid of all ambiguity. Nor do we think that the context in any way modifies its plain import. Had it been intended to merely exempt hotels from the provision in the first part of sec. 5 in respect to obtaining the consent of property owners and housekeepers, it would have been a very easy matter to have done so by the use of appropriate language. The requirement in the proviso, that "the provisions of this act" shall be complied with by the applicant for a hotel barroom license, is inconsistent with the contention that the sole function of the proviso is to excuse him from complying with one of the most material provisions in the act. Had Congress intended this proviso to operate merely as exempting hotels from the provision immediately preceding, it is inconceivable that a compliance with all the provisions of the act should have been re-

quired in the proviso itself as a condition precedent to obtaining a license. It will be noted that the proviso does not require a compliance with the *other* provisions of the act, but does require a compliance with *the* provisions of the act. Congress was legislating for the Capital city, in which are many hotels, and to prevent discrimination inserted this proviso. It was careful, however, to protect the public against unworthy licensees by inserting the last proviso in sec. 5, which makes it the duty of the board to revoke a license "upon a conviction of such licensee of keeping a disorderly or disreputable place." By conviction is meant a conviction before some judicial tribunal having jurisdiction of the offense. The proviso does not mean that the board may determine the question. Sec. 13 goes a step further, and ordains that, if a licensee is twice convicted during the year for violating the terms of his license, no license shall thereafter be granted him.

We see no merit in the contention of counsel for appellants, that "the only logical effect to be given to the proviso of sec. 5 is that it withdraws the 'place for which a license may be granted or refused' from the consideration of the excise board," since the proviso expressly says that the petition in such case must be made "by the owner or lessee." It would be a very barren right if the statute contemplated a distinction between the place and the proprietor.

It appearing that the petition of the applicant was regular in form, and that all the requirements of the law had been satisfied, and it further appearing that the applicant had not been convicted of keeping a disorderly place, nor twice convicted during the preceding license year of violating the terms of his license, we think it follows that the duty of the board in the premises was a mere ministerial one, and that in refusing the application they exceeded their authority.

The order of the court below is therefore affirmed, with costs.                                        *Affirmed.*